UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN KNEFEL,

                          Plaintiff,

-v-

THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT ("NYPD") OFFICER LAUREN SOUTHWELL, Shield No. 29097; NYPD LIEUTENANT CHRISTOPHER CZARK; and JOHN and JANE DOE # 1 - 5 (The names being fictitious, as the true names and shield numbers are not presently known), in their individual and official capacities,

                          Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Index No. 13-cv-8881(LTS)**

**ECF CASE**

      Plaintiff, by his counsel, GIDEON ORION OLIVER, as and for his Complaint against Defendants, hereby alleges as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 for violations of his civil rights, as secured by said statutes and the Constitution of the United States and the Constitution and laws of the State of New York.

      2.     At all times relevant herein, Plaintiff JOHN KNEFEL has worked as a journalist, reporting on, among other things, Occupy Wall Street ("OWS") protests and police responses thereto. On September 17, 2012, Mr. Knefel was arrested while observing police response to an OWS-related First Amendment assembly. Without lawful authority or justification, and acting pursuant to a policy, practice, and/or custom of unlawfully limiting First Amendment assemblies and other lawful and constitutionally protected activities perceived to be related to OWS, Defendants arrested Plaintiff. Plaintiff was eventually released from police custody with a Desk

Appearance Ticket. The Office of the District Attorney of New York County subsequently declined to prosecute.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4).

5. This Court has supplemental jurisdiction over Plaintiff's claims against Defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

6. Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely Notices of Claim with the New York City Comptroller. Plaintiff's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) in that Plaintiffs' claims arose in the Southern District of New York.

## PARTIES

8. Plaintiff JOHN KNEFEL is a Caucasian male, and at all times relevant to this action was a resident of New York State.

9. Defendant THE CITY OF NEW YORK ("NYC" or "the City") is a municipal entity created and authorized under the laws of the State of New York, with general offices located at City Hall, New York, New York 10007.

10. Defendant City is authorized by law to maintain the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement, and defendant NYC is ultimately responsible for the NYPD and assumes the risks incidental to the maintenance of it and its employees.

11. Defendant NYPD Officer LAUREN SOUTHWELL was at all times herein an officer, employee, and agent of the NYPD who was personally involved in depriving plaintiff of plaintiff's rights and in implementing the unconstitutional policies, practices, customs and/or conduct complained of herein, as set forth more fully below. Defendant Southwell is being sued herein in her individual and official capacities.

12. Defendant NYPD Lieutenant CHRISTOPHER CZARK was at all times herein an officer, employee, and agent of the NYPD who was personally involved in depriving plaintiff of plaintiff's rights and in implementing the unconstitutional policies, practices, customs and/or conduct complained of herein, as set forth more fully below. Defendant Czark is being sued herein in his individual and official capacities.

13. The individually named defendants "JOHN AND JANE DOES NOS. 1 THROUGH 5" are NYPD supervisors and officers whose real names are not yet known to plaintiff and who were personally involved in depriving plaintiff of his rights and in implementing the unconstitutional policies, practices, customs and/or conduct complained of herein, as set forth more fully below.

14. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by the defendant City.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the defendant City.

17. Defendants were each and all responsible, in whole and/or in part, for the planning for and/or creation, promulgation, implementation, and/or enforcement of the unconstitutional policies, practices and/or customs complained of herein, and/or condoned, acquiesced in, adopted, and/or approved of the same, through their acts and/or failures to act, as set forth more fully below.

18. At all times relevant herein, as set forth more fully below, defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

19. Each individual defendant is sued in her or his individual and official capacities.

## STATEMENT OF FACTS

20. JOHN KNEFEL is the co-host of The Radio Dispatch on Breakthrough Radio. His journalistic work has also appeared in, among other publications, *Rolling Stone*, *The Nation*, *Salon*, *Alternet*, and *Truthout*.

21. On September 17, 2012, protests in connection with and celebrations of the one-year anniversary of OWS were announced on the internet.

22. On September 17, 2012, Mr. Knefel intended to observe protests and other First Amendment-related activities in a journalistic capacity.

23. On September 17, 2012, Mr. Knefel wore laminated press credentials to announce to police and others that he was acting as a journalist.

24. Shortly after 4:00PM on the afternoon of September 17, 2012, Mr. Knefel was lawfully present on the sidewalk in the vicinity of Pine and Nassau Streets in lower Manhattan.

25. At around that time, place, and location, some protesters intended to participate in The People's Gong, an action in which some people make a verbal statement in unison.

26. At approximately 4:15PM, NYPD Officer JOHN DOE #1 gave a dispersal order to some people in the vicinity of Pine and Nassau Streets.

27. Mr. Knefel did not hear the dispersal order.

28. Within seconds, and without giving an opportunity to comply with the order, unidentified defendant NYPD Officers grabbed Mr. Knefel and threw him to the ground.

29. An unidentified defendant NYPD Officer placed plastic flexcuffs on Mr. Knefel's wrists.

30. Mr. Knefel was then pulled off the ground by unidentified defendant NYPD officers.

31. One officer said to Mr. Knefel, "It's over now."

32. Mr. Knefel was subsequently loaded into a Prisoner Transport Vehicle along with other arrestees.

33. After some time, Mr. Knefel was transported to One Police Plaza.

34. Upon information and belief, at One Police Plaza, defendant Lt. Czark was supervising mass arrest processing.

35. At One Police Plaza, Mr. Knefel informed defendant Czark that he was press and that he wanted to speak with his attorney.

36. Defendant Czark refused to release Mr. Knefel and refused to allow him to speak with his attorney.

37. Instead, defendant Czark or another defendant supervisor assigned Officer Southwell to process Mr. Knefel's arrest.

38. Approximately four hours after his arrest, Mr. Knefel was released from One Police Plaza with a Desk Appearance Ticket directing him to appear in the New York City Criminal Court at 100 Centre Street on December 5, 2012.

39. On December 5, 2012, Mr. Knefel learned that the Office of the District Attorney of New York County had not by then charged him in connection with his arrest.

40. Mr. Knefel was never charged with any offense in connection with his September 17, 2012 arrest.

41. As a result of this incident, Mr. Knefel suffered physical, psychological and emotional injuries, mental anguish, suffering, humiliation, embarrassment, and other damages.

42. Among other injuries, Mr. Knefel suffered bruises on his left arm as a result of the rough police treatment. Mr. Knefel also experienced tingling in his hands for a number of hours. Additionally, Mr. Knefel suffered from recurring nightmares a number of times a week for several weeks after the incident, as well as difficulty concentratingon and off for approximately a month.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION**
**THROUGH 42 U.S.C. § 1983**

43. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44. Defendants, under color of state law, unlawfully seized and arrested plaintiff.

45. Defendants did not have probable cause to arrest plaintiff, nor was it objectively reasonable for defendants to believe that they did have probable cause to arrest plaintiffs.

46. Defendants' decision to arrest plaintiff was based upon plaintiff's First Amendment-protected expression, and not upon plaintiff's violation of any provision of the penal law.

47. Plaintiff was unjustifiably deprived of plaintiff's liberty as a result of these false arrests.

48. By the conduct described above, defendants, under color of state law, subjected plaintiff to the foregoing acts and omissions without due process of law and in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. § 1983, thereby depriving plaintiff of his rights, privileges and immunities, including, without limitation, deprivation of the following constitutional rights:

   a. Freedom to engage in protected speech, expression and association;

   b. Freedom from unreasonable seizures of his person, including but not limited to the excessive use of force;

   c. Freedom from arrest without probable cause;

   d. Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent;

   e. Freedom from deprivation of liberty without due process of law;

   f. The enjoyment of equal protection, privileges and immunities under the laws.

49. As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

**SECOND CAUSE OF ACTION**
***MONELL* CLAIM AGAINST DEFENDANT CITY**
**THROUGH 42 U.S.C. § 1983**

50. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. All of the acts and omissions by the named and unnamed individual police officer defendants described above were carried out pursuant to policies and practices of the CITY which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the defendant CITY and its agency, the NYPD.

52. Defendant CITY and the NYPD, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual police defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

53. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

54. The aforementioned customs, practices, procedures and rules of the CITY and the NYPD includes, but is not limited to, restricting First Amendment protected activities perceived to be associated with OWS.

55. The aforementioned customs, practices, procedures and rules of the CITY and the NYPD were enacted based on plaintiff's First Amendment protected activity and not for any legitimate law enforcement purpose.

56. As a result of the foregoing, plaintiff was deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRD CAUSE OF ACTION
### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR VIOLATIONS OF THE LAWS OF THE STATE OF NEW YORK

57. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

59. As a result of the foregoing, plaintiff was deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE CONSTITUTION OF THE STATE OF NEW YORK

60. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

61. Defendants' conduct alleged herein breached the protections guaranteed to plaintiff by the New York State Constitution, Article I, §§ 6, 11, and 12, including the following rights:

   a. Freedom of expression and assembly;

   b. Freedom from deprivation of liberty without due process of law;

  b. Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent;

  c. The enjoyment of equal protection, privileges and immunities under the laws.

62. Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## FIFTH CAUSE OF ACTION
## ASSAULT AND BATTERY
## UNDER THE LAWS OF THE STATE OF NEW YORK

63. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

64. By the actions described above, defendants did inflict assault and battery upon plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CAUSE OF ACTION
## FALSE ARREST AND FALSE IMPRISONMENT
## UNDER THE LAWS OF THE STATE OF NEW YORK

66. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct

10

and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### SEVENTH CAUSE OF ACTION
### INTENTIONAL AND NEGLIGENT INFLICTION
### OF EMOTIONAL DISTRESS
### UNDER THE LAWS OF THE STATE OF NEW YORK

69.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

70.     By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### EIGHTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION,
### SUPERVISION, AND TRAINING
### UNDER THE LAWS OF THE STATE OF NEW YORK

72.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73. Defendant CITY negligently hired, screened, retained, supervised, and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

74. As a result of the foregoing, plaintiff was deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

75. Plaintiff demands a trial by jury in this action of all issues pursuant to Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for the following relief:

A. Compensatory damages against the defendants jointly and severally; and

B. Punitive damages against the individual defendants; and

C. Attorney's fees and costs pursuant to 42 USC § 1988; and

D. Such other and further relief as the Court deems just and proper.

DATED:   New York, New York
         December 16, 2013

Respectfully submitted,

/S/

Gideon Orion Oliver
*Attorney for Plaintiff*
351 Broadway, 3rd Floor
New York, NY 10013
(646) 263-3495